IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TRACY WATTS** | : | CIVIL ACTION |
| Petitioner, | : | |
| v. | : | |
| **HARRY WILSON, THE DISTRICT ATTORNEY OF THE COUNTY OF PHILADELPHIA, and THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA,** | : | NO. 07-2820 |
| Respondents. | : | |

**ORDER AND MEMORANDUM**

**O R D E R**

AND NOW, this 21st day of November, 2008, upon consideration of the Petition for Writ of Habeas Corpus filed by *pro se* petitioner Tracy Watts pursuant to 28 U.S.C. § 2254 (Document No. 1, filed July 10, 2007); petitioner's Brief in Support of 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus (Document No. 3, filed July 13, 2007); respondents' Response to the Petition for Writ of Habeas Corpus (Document No. 15, filed December 21, 2007); the Report and Recommendation of United States Magistrate Judge L. Felipe Restrepo (Document No. 17, dated June 30, 2008); and petitioner's Objections to United States Magistrate Judge L. Felipe Restrepo's Report and Recommendation (Document No. 21, filed September 8, 2008), for the reasons set forth in the attached Memorandum, **IT IS ORDERED** as follows:

    1.    The Report and Recommendation of United States Magistrate Judge L. Felipe Restrepo dated June 30, 2008 is **APPROVED** and **ADOPTED**;

    2.    Petitioner's Objections to United States Magistrate Judge L. Felipe Restrepo's

   Report and Recommendation are **OVERRULED**;

3.   The Petition for Writ of Habeas Corpus is **DISMISSED**;

4.   A certificate of appealability **WILL NOT ISSUE** because reasonable jurists would not debate this Court's rulings.  See 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

# M E M O R A N D U M

## I. INTRODUCTION

  Petitioner, Tracy Watts, is currently incarcerated at the State Correctional Institution in Labelle, Pennsylvania ("SCI-Fayette").  On July 10, 2007, he filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in this Court.  The petition was referred to United States Magistrate Judge L. Felipe Restrepo for a Report and Recommendation.  In the Report and Recommendation dated June 30, 2008, the Magistrate Judge recommended (a) denial of petitioner's claim that his waiver of his appellate and collateral review rights was invalid on the ground that the waiver was knowing and voluntary and (b) dismissal of the other claims in the petition by reason of the waiver.  Petitioner filed Objections to the Report and Recommendation on September 8, 2008.  For the reasons set forth below, the Court overrules petitioner's Objections, approves and adopts the Report and Recommendation, and dismisses the Petition for Writ of Habeas Corpus.

## II. FACTS AND PROCEDURAL HISTORY

  The facts and procedural history of this case are detailed in the Report and Recommendation and are included in this Memorandum only insofar as necessary to address the issues raised by petitioner's Objections.

On May 5, 2001, during the course of a robbery, petitioner shot Marquis Henderson, who died from his injuries. Following a jury trial in the Philadelphia County Court of Common Pleas, on November 26, 2002, petitioner was convicted of murder in the first degree, robbery, possession of an instrument of crime, and conspiracy. The jury was convened the following day for the penalty phase of the trial to decide whether petitioner should be sentenced on the first degree murder conviction to death by lethal injection or to life in prison without parole. As aggravating factors, the Commonwealth stated that it was prepared to argue that the robbery was committed in conjunction with the murder and that petitioner had been previously convicted of violent felonies. Before the penalty hearing began, the Commonwealth offered to forgo its right to seek the death penalty in exchange for a waiver by petitioner of his rights to pursue appellate and collateral review of his conviction or sentence. Following a colloquy with Judge James A. Lineberger and a conference with his defense attorney and his father, petitioner consented and signed a Written Agreement Colloquy reflecting the terms of the agreement. On the count of murder in the first degree, petitioner was sentenced to life in prison without parole on March 13, 2003.

On April 10, 2003, petitioner filed a counseled direct appeal. Thereafter, petitioner filed a praecipe for discontinuance, and the appeal was discontinued on March 8, 2004. On March 15, 2004, petitioner filed a petition pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. C.S.A. §§ 9541–9546. The PCRA court dismissed the petition on June 15, 2005, and petitioner filed a *pro se* appeal in the Superior Court of Pennsylvania on July 13, 2005. The counsel appointed to represent petitioner filed a petition to withdraw on December 20, 2005. On January 24, 2007, the Superior Court affirmed the denial of PCRA relief and granted counsel's request to withdraw.

On July 10, 2007, petitioner filed the pending Petition for Writ of Habeas Corpus, alleging four grounds for relief: (1) his conviction was based on "illegally obtained statements" in violation of his Fifth Amendment rights; (2) his conviction was based on an illegal search and arrest in violation of his Fourth and Fourteenth Amendment rights; (3) interference by the court and defense counsel resulted in a denial of petitioner's appellate rights; and (4) the assistance of defense counsel was ineffective. Respondents argued that the federal habeas petition should be dismissed as barred by petitioner's waiver of his appellate and post-conviction rights or, in the alternative, dismissed as procedurally barred. After review of the habeas petition, the response, and the record in this case, Magistrate Judge Restrepo issued a Report and Recommendation on June 30, 2008, in which he recommended that, in light of petitioner's waiver, the petition should be denied and dismissed. Petitioner subsequently filed Objections to the Magistrate's Report and Recommendation.

## III.   STANDARD OF REVIEW

Where a court refers a habeas petition to a magistrate judge, "the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made . . . [and] the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(c).

The Court's review of the Report and Recommendation dated June 30, 2008 is governed by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 2254(d), a petition for habeas corpus may be granted only if (1) the state court adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court

of the United States" or if (2) the adjudication resulted in a decision that was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(1)–(2).

In reviewing the state court record, factual issues determined by a state court are presumed to be correct, and the petitioner bears the burden of rebutting this presumption by clear and convincing evidence.  See Werts v. Vaughn, 228 F.3d 178, 196 (3d Cir. 2000) (citing 28 U.S.C. § 2254(e)(1)).

## IV. PETITIONER'S OBJECTIONS

### A. Summary of Petitioner's Objections

In his Objections to the Report and Recommendation, petitioner makes three primary arguments.  First, petitioner asks the Court to rule that his waiver of his appellate and post-conviction rights is unconscionable and against public policy.  Second, he argues that the waiver was not voluntary and knowing as both defense counsel and the state-court judge coerced petitioner into making an agreement when he repeatedly expressed his desire to appeal.  He adds that such pressure by his attorney, in conjunction with other conduct, constituted ineffective assistance of counsel and that, consequentially, his waiver is invalid.  Third, petitioner argues that he received ineffective assistance of counsel due to his attorney's failure to consult with him about withdrawing the agreement or filing an appeal.

### B. Policy Regarding Waiver of Appellate and Post-Conviction Rights

Petitioner argues that a waiver of all post-conviction relief "offends some principle of justice so rooted in society's conscience as to be ranked as fundamental . . . ."  (Pet'r's Objections 1.)  In the first Third Circuit case to address the validity of appellate waivers, the court, analogizing to a criminal defendant's capacity to waive constitutional rights, such as the

right to trial by jury and the right to confront and cross-examine witnesses, concluded that the "ability to waive statutory rights, [such as the right to appeal], logically flows from the ability to waive constitutional rights." United States v. Khattak, 273 F.3d 557, 561 (3d Cir. 2001). The Khattak court held that "waivers of appeal, if entered into knowingly and voluntarily, are valid." Id. at 562; see also United States v. Mabry, 536 F.3d 231, 236 n.3 (3d Cir. 2008).

The Third Circuit has also held that policy considerations counsel against permitting a defendant who has waived his post-conviction rights to later disavow the agreement: "[I]f a defendant who has participated in a waiver proceeding is then allowed, without exception, to change his mind whenever he chooses, the doctrine of waiver will be rendered purposeless. Moreover, such an indulgence would be bad judicial policy resulting in frequent hearings and the expenditure of untold judicial resources." Fahy v. Horn, 516 F.3d 169, 187 (3d Cir. 2008). This authority demonstrates that petitioner's public policy objection must fail.

### C. The Validity of Petitioner's Waiver

The gravamen of this objection is that the trial court and defense counsel coerced petitioner into waiving his appellate rights such that his waiver was involuntary. This issue was addressed in depth in the Report and Recommendation. The Magistrate Judge reviewed the decision of the Superior Court affirming the denial of PCRA relief and concluded that while its ultimate finding on the validity of petitioner's waiver is not entitled to deference under 28 U.S.C. § 2254(d), the underlying explicit and implicit factual findings upon which the state court based its conclusions must be afforded a presumption of correctness under 28 U.S.C. § 2254(e)(1) as petitioner had not rebutted the presumption with "clear and convincing evidence." Moreover, the Magistrate Judge determined that even in absence of this presumption, the record demonstrates that petitioner's waiver of his appellate and post-conviction rights was knowing and voluntary.

This Court agrees with the analysis in the Report and the recommendation that petitioner's waiver be accepted as valid, precluding review of the merits of his habeas claims.

In his Objections, petitioner makes three additional claims about the validity of his waiver of his appellate and post-conviction rights: (1) there are a number of additional issues not on the record that rendered the waiver involuntary and unknowing; (2) there is new information concerning defense counsel that demonstrates a clear conflict of interest; and (3) petitioner was prejudiced by defense counsel's failure to conduct a meaningful investigation for mitigation evidence. (Pet'r's Objections 7.) Petitioner presented no evidence in support of any of these statements.

In making an independent determination of the validity of petitioner's waiver, the Court is not bound by the state court's legal conclusions concerning the validity of the waiver, Fahy v. Horn, 516 F.3d 169, 180 (3d Cir. 2008), but the state court's factual findings are presumed correct unless rebutted by the petitioner by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1); Chadwick v. Janecka, 312 F.3d 597, 607 (3d Cir. 2002); Werts v. Vaughn, 228 F.3d 178, 196 (3d Cir. 2000). Petitioner's unsupported statements, without more, fail to meet the heavy burden required to rebut the presumption of correctness.

### D.  Ineffective Assistance of Counsel Unrelated to the Validity of Petitioner's Waiver

In his Objections, petitioner also argues that following the waiver, his counsel was ineffective for failing "to communicate with petitioner before the expiration of the 10 days to see if petitioner perhaps wanted to withdraw from the 'plea agreement.'" (Pet'r's Objections 6.) As this Court has found petitioner's waiver of his appellate and collateral attack rights valid, "the Court may not consider any claims of error or ineffectiveness alleged by Petitioner which have

no bearing on his understanding of the terms of the plea agreement, or the waiver itself, given that he waived his rights to assert such claims . . . ." Richardson v. United States, No. 07-5593, 2008 WL 4104681, at *4 n.6 (D.N.J. Sept. 4, 2008).

Assuming *arguendo* that the Court were to address the merits, petitioner's ineffectiveness claim would nevertheless fail. Petitioner's reliance on United States v. Edwards, 297 F. Supp. 2d 813, 817 (E.D. Pa. 2003), to support his argument is misplaced. In Edwards, the court held that defense counsel was ineffective for failing to communicate with his client within ten days about the possibility of filing an appeal not the possibility of withdrawing a plea. Id. Moreover, the holding in Edwards is based on Roe v. Flores-Ortega, 528 U.S. 470, 480 (2000), in which the Supreme Court held that "counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal . . . , or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." The Flores-Ortega Court made clear that a presumption of prejudice applies in such a situation as the defendant loses the opportunity to appeal. See id. at 484 ("[As] counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal.").

In Mabry, the Third Circuit examined Flores-Ortega in the context of a waiver of appellate rights and held that "Flores-Ortega did not address whether [the presumption of prejudice] has any force, let alone controls, where the defendant has *waived* his right to appellate and collateral review." 536 F.3d at 240 (emphasis in original). The Mabry court held that "there is no reason to presume prejudice . . . in such a situation where the attorney's filing of an appeal

8

would constitute a violation of the plea agreement . . . ." Id. at 240–41.  The court stated further that the Flores-Ortega "analysis employed in evaluating an ineffectiveness of counsel claim does not apply when there is an appellate waiver." Id. at 241.  Instead, the court held that the waiver of appellate rights should be given effect. Id. at 242.  Pursuant to Mabry, as this Court has determined that petitioner's waiver was valid, the Court must give effect to that waiver and reject petitioner's claim that his counsel was ineffective for failing to consult with him about challenging the agreement or filing an appeal within the ten-day time period.

## V.    CERTIFICATE OF APPEALABILITY

In the Third Circuit, a certificate of appealability is granted only if the petitioner makes: "(1) a credible showing that the district court's procedural ruling was incorrect; and (2) a substantial showing that the underlying habeas petition alleges a deprivation of constitutional rights." Morris v. Horn, 187 F.3d 333, 340 (3d Cir. 1999); see also 28 U.S.C. § 2253(c).  The Court concludes that petitioner has not made such a showing.  Thus, the Court will not issue a certificate of appealability.

BY THE COURT:

/s/ Honorable Jan E. DuBois

JAN E. DUBOIS, J.

9